IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JAMES ALFRED SMITH, JR.

      Petitioner,                                                 ORDER

     v.                                                          23-cv-522-wmc

SECRETARY KEVIN CARR and WARDEN
OF MILWAUKEE SECURE DETENTION FACILITY,

      Respondents.
_____

On June 18, 2014, petitioner James Alfred Smith, Jr. pled guilty to intimidation of a victim and domestic abuse in Milwaukee County Circuit Court Case No. 2013CF4501, for which he was sentenced to two years of incarceration in state prison, followed by five years of extended supervision. Court records available online show that revocation proceedings were instituted against petitioner several times since 2017, and most recently in 2023, when he was reincarcerated at the Milwaukee Secure Detention Facility. *See State v. Smith*, Milwaukee County Case No. 2023CF4501 (accessed at https://wcca.wicourts.gov/). Now petitioner, representing himself, moves for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his 2023 revocation proceedings violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment in the following ways: (1) he was denied court-ordered treatment and programming during his extended supervision; (2) his revocation proceedings were based on inaccurate and insufficient information, including entrapment; and (3) the Department of Corrections generally imposes terms of supervision on minority offenders. Petitioner asks this the court issue an injunction ordering respondents to provide him with "correct information so

1

he may prepare a defense to [the] revocation procedure." (Dkt. #1, at 4.) However, the petition must be denied and this case dismissed as moot.

A petitioner must be in custody for purposes of federal habeas review to be eligible for habeas relief. Federal courts have jurisdiction over a habeas petition only if the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). "The Supreme Court has interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Kelley v. Zoeller*, 800 F.3d 318, 324 (7th Cir. 2015) (citation and quotation marks omitted). "A challenge to a petitioner's custody becomes moot when custody ends and no collateral consequences remain." *Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 575 (7th Cir. 2022); *see also A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004) (A federal court must dismiss a case at "any stage of the proceeding" when it can no longer "give the petitioner any effective relief."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Wisconsin inmate and offender records available online show that petitioner was discharged from his sentence on February 25, 2024, and that he is no longer incarcerated or on supervision as of the date of this order. Because petitioner is no longer in custody, the court cannot grant the injunctive relief he seeks, and his petition must be denied as moot.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when denying a petition. To obtain a certificate of appealability, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because this case is not a close one for the reasons discussed above, no certificate of appealability will issue.

## ORDER

IT IS ORDERED that:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner James Alfred Smith, Jr. (dkt. #1) is DENIED, and this case is DISMISSED as moot.

2. The clerk of court is directed to enter judgment and close this case.

Entered this 22nd day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge